NO. 07-08-0389-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 3, 2008

_____

BARRY DWAYNE MINNFEE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

***Order of Dismissal***
_____

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

Barry Dwayne Minnfee (Minnfee) has filed a document entitled "Extra-notice Requirements Notice of Appeal. Objection to Civil Commitment."  Attached to the notice is a document entitled "Offender Grievance Form," which document appears to be something provided by the Texas Department of Criminal Justice.  Also before us is both his motion to proceed as a pauper and a docketing statement.  In the aforementioned notice, Minnfee complains about his civil commitment and the fact that another inmate "bangs on the walls" in the adjoining cell.  Taken together, the items illustrate effort to

appeal some administrative action or decision taken by those operating the prison wherein he resides. Moreover, this effort was undertaken without first presenting the dispute to a trial court via an original petition or lawsuit. Consequently, question arose regarding whether we had jurisdiction over the appeal. This lead us to contact Minnfee about the matter via letter dated October 20, 2008, and direct him to show, within ten days, why we have jurisdiction to entertain the appeal. To date, we have not received an answer to our inquiry.

Courts of appeal generally have jurisdiction only over final orders and judgments issued by trial courts. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Additionally, a judgment is final only when it disposes of all claims asserted by or against all parties. As previously mentioned, the documents before us indicate that Minnfee appealed from an administrative decision relating to an administrative grievance he had filed. We have no final judgment or order issued by a court of competent jurisdiction before us. Accordingly, we lack the authority to entertain the appeal and dismiss it for want of jurisdiction.

Per Curiam

2